

## IN THE CIRCUIT COURT FOR WASHINGTON COUNTY
## AT JONESBOROUGH, TENNESSEE

| | |
|---|---|
| GABRIEL BURROWS, by and through SUZI BURROWS, as personal representative of the ESTATE of GABRIEL BURROWS, deceased, for the use and benefit of the wrongful death beneficiaries of GABRIEL BURROWS,<br><br>Plaintiff,<br><br>vs.<br><br>NIKA IMERLISHVILI and BOMBORA AUTO, LLC,<br><br>Defendants. | Filed 12 day of May 2022 at 3:30 o'clock P M<br>Brenda Downes, Clerk<br><br>CIVIL ACTION NO. 41568<br><br>JURY DEMANDED |

## COMPLAINT

The plaintiff, Suzi Burrows, mother of the deceased, Gabriel Burrows, and personal representative for the estate of Gabriel Burrows, for her complaint against Nika Imerlishvili and Bombora Auto, LLC, for personal injuries and wrongful death, states as follows:

### PARTIES

1. Suzi Burrows is the mother and personal representative of the estate of Gabriel Burrows, deceased, who died on September 15, 2021 at the age of twenty-four (24) years. Suzi Burrows is a citizen and resident of Washington County, Tennessee, and resides at 342 Woodland Road, Jonesborough, Tennessee 37659.

2. The decedent, Gabriel Burrows, was before his death a citizen and resident of Washington County, Tennessee and resided at 342 Woodland Road, Jonesborough, Tennessee 37659.

*Estate of Gabriel Burrows v. Nika Imerlishvili, et al., Bombora Auto, LLC*
Complaint
EXHIBIT A
Page 1 of 8
Case 2:22-cv-00073-DCLC-CRW   Document 1-1   Filed 06/24/22   Page 1 of 8   PageID #: 4

3. Plaintiff Suzi Burrows brings this action as the Personal Representative of the Estate of Gabriel Burrows, as authorized by *Tenn. Code Ann.* § 20-5-106 *et seq.*

4. The defendant, Nika Imerlishvili, (hereinafter "Imerlishvili"), is an individual who resides at 2870 W. 15th Street, Brooklyn, New York 11224.

5. The defendant, Bombora Auto, LLC, (hereinafter "Bombora Auto"), is the owner of the vehicle being operated by Defendant Imerlishvili.

6. Defendant Bombora Auto is a New Jersey company with its principal place of business located at 267 Route 34, Spring Lake, New Jersey 07722.

7. In the alternative, Defendant Bombora Auto is a New Jersey company with its principal place of business located at 5 Royal Court Drive, Apartment F18, Spring Lake, New Jersey 07762.

8. The defendant can be served with process through its registered agent, Malkhaz Kutubidze, located at 2012 State Route 35, Apartment 22, Spring Lake, New Jersey 07762.

9. Upon information and belief, at all times relevant herein, Defendant Imerlishvili was employed by Defendant Bombora Auto.

## FACTS

10. On or about September 15, 2021, Defendant Imerlishvili arrived at the Grindstaff Kia car dealership located at 3608 Bristol Highway, Johnson City, TN 37601.

11. At this location, Bristol Highway has two north-bound lanes and two south-bound lanes separated by a center turning lane.

12. Defendant Imerlishvili was driving a white 2021 Dodge Ram 3500, VIN: 3C7WRSBL1MG539346. A 4-wheel utility trailer was attached to the defendant's vehicle.

13. At approximately 5:20 p.m., Defendant Imerlishvili, transporting three vehicles on the trailer, drove to the entrance of Grindstaff Kia and intended to make a left turn from Grindstaff Kia onto the south-bound lanes of Bristol Highway.



14. At the same time, the plaintiff's decedent, Gabriel Burrows, was driving a 2021 Harley-Davidson Street Glide, VIN: 1HD1KRP1XMB656197, traveling in the left north-bound lane on Bristol Highway.

15. At the same time, another driver was traveling north-bound in a silver pickup truck on Bristol Highway, a short distance ahead of Gabriel Burrows. The driver of the pickup truck was decelerating because he intended to make a right turn into Grindstaff Kia.



16. Before the silver pickup truck reached the entrance of Grindstaff Kia, Defendant Imerlishvili pulled out from the entrance of Grindstaff Kia and attempted to make a left turn onto the south-bound lanes of Bristol Highway.

17. As Defendant Imerlishvili attempted to make the left-hand turn, his trailer went across both north-bound lanes of the Bristol Highway.

18. As Defendant Imerlishvili attempted to make his left-hand turn, he drove into the path of Plaintiff's decedent, Gabriel Burrows.



19. Plaintiff's decedent, Gabriel Burrows, struck the front-end of Defendant Imerlishvili's trailer.



*Estate of Gabriel Burrows v. Nika Imerlishvili and Bombora Auto, LLC*  Page 4 of 8
Complaint

Case 2:22-cv-00073-DCLC-CRW   Document 1-1   Filed 06/24/22   Page 4 of 8   PageID #: 7

20. As a result of the conduct, duties and actions of Defendant Imerlishvili and Defendant Bombora Auto, the plaintiff's decedent, Gabriel Burrows, suffered fatal injuries.

## CAUSE OF ACTION

21. Defendant Imerlishvili is liable for common law negligence because:

    a. The defendant owed a duty to the plaintiff's decedent, Gabriel Burrows, and to the public as a whole to operate the vehicle with proper care and caution for other users of the highway.

    b. The defendant failed to maintain a proper lookout in the direction in which he was driving.

    c. The defendant failed to see and be aware of what was in his view.

    d. The defendant pulled into the path of another driver.

    e. The defendant failed to act reasonably under the circumstances.

    f. The defendant failed to use reasonable care to avoid a collision.

22. Defendant Imerlishvili was guilty of negligence *per se* by violating the provisions of laws of the State of Tennessee as follows:

    a. Tenn. Code Ann. § 55-8-103. Required obedience to traffic laws.

    b. Tenn. Code Ann. § 55-8-128. Vehicle approaching or entering intersection.

    c. Tenn. Code Ann. § 55-8-136. Drivers to exercise due care.

    d. Tenn. Code Ann. § 55-8-197. Failure to yield right-of-way.

23. At all times relevant herein, Defendant Imerlishvili was in the course and scope of his employment with Defendant Bombora Auto.

24. At all times relevant herein, Defendant Imerlishvili was acting as an agent for Defendant Bombora Auto.

25. At all times relevant herein, Defendant Imerlishvili was operating the truck with the permission of and/or the purposes set out by Defendant Bombora Auto.

26. At all times relevant herein, Defendant Imerlishvili was operating the truck for the benefit of Defendant Bombora Auto.

27. At all times relevant herein, Defendant Bombora Auto was and is vicariously liable for the conduct, actions, or failure of act of Defendant Imerlishvili.

28. Defendant Bombora Auto, as the employer of Defendant Imerlishvili, is liable for the acts of their employee.

29. In the alternative, Defendants Imerlishvili and Bombora Auto are jointly and severally liable for the injuries and damages sustained by the plaintiff's decedent.

30. The negligent actions and conduct of the Defendants were the cause in fact and proximate cause of the damages, injuries, and wrongful death to the plaintiff's decedent.

31. The acts of the defendants were a gross deviation from the standard of care that an ordinary person or company would use under the circumstances.

32. As a direct and proximate consequence of the conduct and actions of the defendants, the plaintiff's decedent, Gabriel Burrows, suffered fatal injuries.

33. As a direct and proximate result of the conduct, actions, and duties of the defendants, the plaintiff suffered, and is therefore entitled to recover for, the following damages: (i) reasonable funeral expenses; (ii) pain and suffering; (iii) the pecuniary value of the life of Gabriel Burrows; (iv) the loss of earning capacity of Gabriel Burrows; (v) loss of consortium; and (vi) other damages caused by the defendants.

## PRAYER FOR RELIEF

Plaintiff, Suzi Burrows, individually and as the surviving parent of Gabriel Burrows, deceased, by and through counsel, requests the following relief:

1. That service of process issue forth upon the defendants requiring them to answer this Complaint within the time required by law.

2. Judgment against the defendants for compensatory damages in an amount not to exceed $5,000,000.00.

3. That a jury of twelve be impaneled to hear this cause.

4. That plaintiff have general further relief and that the defendants be taxed with the costs of this cause, including all costs and expenses incurred as a result of the preparation and presentation of the plaintiff's claim.

Respectfully submitted,

*Suzi Burrows*
*by Johnathan Minga*
Suzi Burrows

*Suzi Burrows as Personal Representative*
*by Johnathan Minga*
Suzi Burrows, as Personal Representative
of the Estate of Gabriel Burrows

APPROVED FOR ENTRY:

LAW OFFICES OF TONY SEATON &
ASSOCIATES, PLLC

*[signature]*
Tony Seaton, BPR #7279
Johnathan Minga, BPR #27429
Thomas J. Smith, BPR#35331
Attorneys for Plaintiff
118 E. Watauga Ave.
Johnson City, TN 37601
(423) 282-1041
tony@tonyseaton.com
john@tonyseaton.com
tom@tonyseaton.com

## COST BOND

I acknowledge myself as surety in this action for costs.

PRINCIPAL,

*Suzi Burrows*
*by Johnathan M.*
Suzi Burrows

*Suzi Burrows as Personal Representative*
*by Johnathan M.*
Suzi Burrows, as Personal Representative
of the Estate of Gabriel Burrows

SURETY,

LAW OFFICES OF TONY SEATON &
ASSOCIATES, PLLC

Tony Seaton, BPR #7279
Johnathan Minga, BPR #27429
Thomas J. Smith, BPR#35331
Attorneys for Plaintiff
118 E. Watauga Ave.
Johnson City, TN 37601
(423) 282-1041
tony@tonyseaton.com
john@tonyseaton.com
tom@tonyseaton.com